a verdict for defendants, and the refusal to give a number of instructions asked by defendants, as well as the giving portions of the charge excepted to.

As the facts of this case are made to appear upon the record before us, we are not called upon to consider in detail the several exceptions and assignments of error discussed by counsel in their briefs. In the charge to the jury, which is quite lengthy, the court, after stating the claims made by the parties, instructed the jury that the question of the liability of the defendants below for the acts of Chaloner, under whose supervision the scaffolding was built, was not involved in the case; that there was not sufficient ground for holding that the fall of the scaffold was due to the distance between the brackets, or to the poor quality of the materials used; that it was evident that the scaffold fell because one of the brackets had been insufficiently fastened, only two nails being used instead of four or five; that the failure to properly nail this bracket was due to the negligence of a coemploye, for the consequences of which the defendants below were not responsible.

If the charge correctly stated the issues in the case and the law applicable thereto, but one result could rightfully be reached by the jury, and that was a finding in favor of the defendants. Under the charge given there was no issue of fact left to the decision of the jury, and it was error to leave it to the jury to find a verdict for the plaintiff or the defendant, without submitting for their decision some matter at issue between the parties. Logically the correct conclusion to the charge would have been an instruction to find for the defendants. This was not given, however, and the verdict of the jury was for the plaintiff. The case stands in this aspect the same as that of District of Columbia v. McElligott, 117 U. S. 621, 630, 6 Sup. Ct. Rep. 884, wherein it was said by the supreme court:

"If the principles embodied in those instructions are sound, (upon which point we are not now required to express an opinion,) the court would have been justified in directing a verdict for the district. The charge was inconsistent with the instructions previously given, and was calculated to mislead the jury, for it submitted to them a question which those instructions had, in effect, if not in terms, declared to be immaterial in the case."

Under these circumstances the judgment must be reversed, and the case be remanded to the circuit court, with instructions to grant a new trial.

---

## CORCORAN v. CONCORD & M. R. CO.

### (Circuit Court of Appeals, First Circuit. July 1, 1893.)

### No. 52.

CARRIERS OF PASSENGERS—TRESPASSER—EJECTION FROM TRAIN—EVIDENCE.

The mere fact that a trespasser riding upon a freight train is thrown from the top of a car while the same is in rapid motion, by a person carrying a lantern, whom he supposes to be a brakeman, is not sufficient to show a liability on the company's part for resulting injuries, when there is no evidence as to the alleged brakeman's authority.

In Error to the Circuit Court of the United States for the District of Massachusetts.

At Law. Action by James Corcoran against the Concord & Montreal Railroad Company to recover damages for personal injuries caused by being thrown from the top of a freight train while in motion. The action was originally brought in the superior court of Middlesex county, and was removed to this court by defendant. At the close of plaintiff's evidence on the question of defendant's liability, the court directed a verdict for defendant, and judgment was entered accordingly. Plaintiff brings error. Affirmed.

Plaintiff's evidence showed that he was riding on top of a freight car without having paid any fare, and that he was ordered to get off by a person carrying a lantern, whom he assumed to be a brakeman; that plaintiff said he would get off if the train were stopped; and that thereupon the alleged brakeman seized him, and threw him off while the train was in rapid motion, thus causing the injuries complained of. No evidence was offered as to the scope of the alleged brakeman's authority.

Jerome F. Manning, for plaintiff in error.
Josiah H. Benton, Jr., for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. The court is of the opinion that plaintiff should have offered some evidence showing the scope of the alleged brakeman's authority. He failed to do so, and for that reason it is ordered: Judgment of circuit court affirmed.

---

## In re ROSENTHAL et al.

### (Circuit Court, S. D. New York. June 22, 1893.)

CUSTOMS DUTIES—PEARL COLLAR BUTTONS.

> Articles composed of mother-of-pearl, which are known in trade and commerce by the specific name of "pearl collar buttons," and sold at a stipulated price per line button measure, are not dutiable at the rate of 40 per cent. ad valorem, as manufactures of mother-of-pearl, under the provision for such manufactures contained in paragraph 462 (Schedule N) of the tariff act of October 1, 1890, (26 Stat. 602,) but are dutiable at the rate of 2½ cents per line button measure of one-fortieth of one inch per gross, and in addition thereto of 25 per cent. ad valorem, as pearl buttons, under the provision for such buttons contained in paragraph 429 (same schedule) of the same tariff act, (Id. 599.)

At Law. Appeal by Rosenthal and others, importers, from the decision of the board of United States general appraisers. Affirmed.

The firm of J. Rosenthal & Co. imported on November 21, 1890, by the Fulda, from a foreign country, into the United States, at the port of New York, certain articles, invoiced as "pearl collar studs." These articles were